UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fong Vang,

Plaintiff,

v.

Morrie's Minnetonka Ford, a Minnesota Corporation,

Defendant.

Civil No. 01-82 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Thomas J. Lyons, Esq., Lyons & Associates, 342 County Road D, East, Little Canada, Minnesota 55117, appeared on behalf of Plaintiff.

Gregory J. Johnson, Esq., Johnson & van Vliet, 975 First Bank Building, 332 Minnesota Street, St. Paul, Minnesota 55101, appeared on behalf of Defendant.

---

The above-entitled matter is currently before the Court, pursuant to Plaintiff Fong Vang's Motion to Alter or Amend Judgment. This Court entered judgment in favor of Defendant Morrie's Minnetonka Ford by the Court's Memorandum Opinion and Order, filed December 11, 2001. Based upon the submissions of both parties, a thorough review of the record, and being otherwise duly advised in the premises, the Court respectfully issues the following:

**ORDER**

1. That Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 26) is **DENIED**.

Date: January 3, 2002

DONOVAN W. FRANK
Judge of United States District Court

FILED JAN 0 3 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## MEMORANDUM

By his current motion, Plaintiff urges the Court to amend its judgment, based on an argued misunderstanding of the stipulated facts in this case. The Court has reviewed the stipulated facts and the relevant law in light of Plaintiff's recent submissions. The Court does not find that it understands the facts any differently than Plaintiff, nor does the Court find that it has emphasized facts distinct from those focused upon by Plaintiff. Rather, the Court understands that its application of the law to the stipulated facts results in an outcome different from that for which the Plaintiff has argued. The cluster of opposing decisions of various courts cited by the parties in support of their cross-motions for summary judgment and reviewed by this Court clearly reflect the disagreement that Plaintiff now has with this Court. As this Court previously discussed in its December 11, 2001, Memorandum Opinion and Order, however, having considered all of the conflicting case law on the topic, the statute, and the facts of the instant case, this Court does not find Defendant's procedure to violate the relevant provisions of the Truth in Lending Act, either with respect to the timing of disclosure or the labeling of "estimates." As such, the Court respectfully declines to amend or alter its previous judgment as Plaintiff has requested.

D.W.F.